IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYCONE DENTAL SUPPLY CO., INC., doing business as KEYSTONE RESEARCH & PHARMACEUTICAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CREATIVE NAIL DESIGN, INC., ET AL.,<br><br>    Defendants. | Civil Action<br>No. 11-4380 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

    This matter is before the Court on Defendants' motion to dismiss Counts II-V [Docket Item 13]; motion to seal [Docket Item 14]; and motion to transfer, dismiss, or stay the case pursuant to the First-filed Rule [Docket Item 16]. The principal issue presented is, when two courts have cases that potentially implicate the First-filed Rule, and motions to transfer are pending in each court, whether the first-filed court should have the first opportunity to decide whether to keep or transfer the case under the First-filed Rule or under exceptions to that rule. The Court finds as follows:

    1. Plaintiff Mycone Dental Supply Co., Inc., doing business as Keystone Research & Pharmaceutical ("Keystone"), brings this suit against Creative Nail Design, Inc. and distributors of Creative's products ("Creative") alleging that Creative's sale of

a nail polish called "Shellac" infringed on Keystone's patent for "Gel Polish."[1]

2.   One day prior to Keystone's filing this action, Creative filed a declaratory judgment complaint against Keystone in the Southern District of California, seeking a declaration that the patent in question in both cases is invalid, not infringed, and unenforceable.  See Creative Nail Design, Inc. v. Mycone Dental Supple Co., Inc., Civil No. 11-1658 (S.D. Cal. 2011).  Both cases address whether Shellac infringes Keystone's patent for Gel Polish.  The New Jersey action also raises several additional related claims for unfair competition and false advertising, and also seeks relief from Creative's distributors.

3.   Both this Court and the Southern District of California court have pending a motion to dismiss or transfer this matter to the other court.  Each court is asked to decide the application of the First-filed Rule – this rule requires that with some exceptions, when two overlapping cases are filed in federal district courts, the second-filed case should be dismissed, stayed, or transferred.  See EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988).  Although it is undisputed that the California case was first-filed, the parties dispute whether one of the exceptions to the First-filed Rule should apply.

4.   The same considerations of comity and efficiency that

---

[1]   The patent in question is U.S. Patent No. 5,965,147.

2

animate the First-filed Rule also dictate that the court in which the matter was first-filed should be the forum to determine which court is the more appropriate forum to ultimately adjudicate the merits of this matter.  See Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 96 (9th Cir. 1982); Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 406 (5th Cir.1971); Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2004); Tucker v. Am. Int'l Group, Inc., 728 F. Supp. 2d 114, 124 (D. Conn. 2010); Daimler-Chrysler Corp. v. Gen. Motors Corp., 133 F. Supp. 2d 1041, 1044 (N.D. Ohio 2001); PRPJ Bergen, Inc. v. Plate, 774 F. Supp. 200, 202 n.4 (S.D.N.Y. 1991) (noting an example of the District of New Jersey following this rule).  A categorical rule that the first forum determines application of the First-filed Rule carries similar drawbacks as a bright-line application of the First-filed Rule: the risk that bad faith forum shoppers will seek out beneficial precedent (on the issue of application of the First-filed Rule) and choose a more convenient forum (for litigation of the transfer issue).  But this circumscribed version of the familiar maladies is easily outweighed by the interest in judicial efficiency and comity in not having the two courts simultaneously resolve the issue, with the obvious possibility of conflicting results.

    5.  Therefore, because there is no dispute that the California case was the temporally first-filed matter (deserving

of First-filed Rule deference or not), that Court is properly the forum to determine whether the First-filed Rule or an exception thereto applies.  Once the Southern District of California Court decides that issue as part of the transfer motion before it, this Court can then determine, as appropriate, the direction for the New Jersey matter.

6.  Accordingly, the Court will stay this case and administratively terminate the pending motions until a determination is made regarding the motion to stay or transfer in Creative Nail Design, Inc. v. Mycone Dental Supple Co., Inc., Civil No. 11-1658 (S.D. Cal. 2011).  The accompanying Order will be entered.

**April 26, 2012**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             Chief U.S. District Judge