IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYCONE DENTAL SUPPLY CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> CREATIVE NAIL DESIGN, INC., et al., <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 11-4380 (JBS/KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This patent case comes before the Court on the motion of Defendants Creative Nail Design, Beauty Systems Group, East Coast Salon Services, and SalonCentric (f/k/a Emiliani Enterprises) (collectively "CND") to supplement their responsive claim construction submission with the declaration of Stephen Spiegelberg. [Docket Item 174.] CND argues that the Supreme Court's decision in Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120 (2014), changed the standard for indefiniteness such that there is a new standard of proof and a new role for experts at the claim construction phase when, as in this case, there are arguments that claims are indefinite. The Court will grant Defendant's motion. The Court finds as follows:

1.      The Markman hearing is presently scheduled for July 28, 2014.[1] The parties filed their opening Markman briefs on November 22, 2013. Response briefs were filed June 3, 2014. The Nautilus decision was issued on June 2, 2014, and CND filed the instant motion the next day.

2.      The Patent Act requires that the patent specification "shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor . . . regards as the invention." 35 U.S.C. § 112(b). The Federal Circuit previously interpreted this requirement, known as the definiteness requirement, to mean that "[o]nly claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite." Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed. Cir. 2005). In Nautilus, the Supreme Court stated that the Federal Circuit's "insolubly ambiguous" standard did not satisfy the definiteness requirement. Nautilus, 134 S. Ct. at 2124. Instead, the Supreme Court held that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." Id.

---

[1] The Court holds a Markman hearing because "the construction of a patent, including terms of art within its claim, is exclusively within the province of the court." Markman v. Westview Instruments, Inc., 517 U.S. 370, 372 (1996).

2

3. In its motion, CND argues that: the <u>Nautilus</u> decision changed the standard for indefiniteness such that there is a new standard of proof and a new role for someone skilled in the art; because the district court must "consider whether a claim term informs, <u>with reasonable certainty those of skill in the art</u> about the scope of the invention, expert testimony is especially relevant," (CND Br. at 2 (emphasis in CND's brief)). CND also argues that the motion is timely because it was filed one day after <u>Nautilus</u>' publication, and that Plaintiff will not be prejudiced because there are several weeks before the <u>Markman</u> hearing.

4. In opposition [Docket Item 182], Plaintiff asks the Court to deny CND's motion or, if the Court grants the motion, to grant Plaintiff leave to submit a rebuttal declaration, depose CND's expert, and submit a supplemental brief. Plaintiff asserts that: CND should have filed Spiegelberg's declaration with its opening <u>Markman</u> brief; <u>Nautilus</u> did not establish a heightened need for expert testimony; <u>Nautilus</u> did not change the perspective from which definiteness should be analyzed, <u>i.e.</u>, the perspective of a person of ordinary skill; and CND's untimely expert declaration would disrupt the claim construction process because the parties briefed their claim construction positions based on a record without expert testimony.

5. In reply [Docket Item 186], CND agrees that claims must be viewed from the perspective of one with ordinary skill in the art. But CND argues that the Nautilus standard enhances the need for expert testimony because "it would be helpful to the Court, when determining whether or not one of skill in the art would understand the scope of the claims with 'reasonable certainty,' to hear from experts regarding how one of ordinary skill in the art would understand the scope of the claims," (CND Reply at 3), and the new standard's focus on reasonableness "invites expert testimony as to what one of ordinary skill in the art would reasonably understand," (Id. (emphasis in original)). If its motion is granted, CND argues that depositions are unnecessary and expert declarations alone are sufficient.

6. On July 30, 2014, Defendant Dymax Corporation, which is proceeding separately from the CND Defendant group and which also argued indefiniteness for some claim terms, joined CND's request to rely on Spiegelberg's declaration. [Docket Item 185.][2] Plaintiff opposed Dymax's attempt to join CND's motion because Dymax never previously disclosed its intent to rely on an expert, Dymax submitted its letter after Plaintiff filed its

---

[2] Defendant SalonCentric also joined CND's motion via letter [Docket Item 187], although this letter seems unnecessary because SalonCentric was named in CND's notice of motion as one of the Defendants on whose behalf the motion was filed.

4

opposition, and Dymax's conduct contravened the Court's rules regarding orderly claim construction submissions and briefing. [Docket Item 188.]

7.   The Court will now turn to its analysis.

8.   The Court expects that indefiniteness arguments will be substantial at the upcoming Markman hearing. The gravamen of this case is Keystone's allegation that Defendants are infringing Keystone's United States Patent No. 5,965,147 ("the '147 Patent"), which embodies Keystone's invention of a toxicologically- and dermatologically-safe nail coating product comprised of a substantially acid-free hydrophilic acrylate monomer gel. In the Amended Joint Construction statement [Docket Item 180], CND contends that several claim terms are indefinite, including "substantially acid-free," "liquid substantially acid-free hydrophilic acrylate monomer composition," "liquid substantially acid-free hydrophilic monomer composition," and "substantially enhances adhesion." The construction of these terms thus has special significance for the disposition of the case. The Court therefore recognizes the significance of the definiteness inquiry to claim construction and the case as a whole.

9.   Normally, the Local Patent Rules require that any party intending to rely on expert opinion testimony for Markman claim construction purposes shall identify the expert and

5

service his or her certification or declaration with their opening Markman declarations, see L. Pat. R. 4.5(a), and any deposition of an expert is to be concluded within 30 days of such filing, see L. Pat. R. 4.5(b). Any responding experts' certification is due 60 days after service of the initial expert's certification, that is at least 30 days after the opportunity to depose the initial expert. See L. Pat. R. 4.5(e). In the present application, CND seeks to amend these requirements and compress the time for Plaintiff's response, all before the July 28, 2014 Markman hearing, and after all claim construction submissions had been made. An amendment of the timetable for disclosure of Markman expert reports, like any other document required to be exchanged pursuant to the Local Patent Rules may be made only by Court order upon timely application and showing of good cause, pursuant to L. Civ. R. 3.7.

    10. The present issue is whether Nautilus changed the indefiniteness standard such that expert testimony is more beneficial at the claim construction phase in this case and such that CND's late submission can be excused for good cause based on an intervening change in the law. Nautilus does not specifically discuss the role of expert testimony at the claim construction phase. It announced a change in the law by "revers[ing] the standard previously applied by the Federal

6

Circuit for determining indefiniteness." Adobe Sys. Inc. v. Wowza Media Sys., LLC, Civ. 11-02243, 2014 WL 2731321, at *1 (N.D. Cal. June 10, 2014). CND argues that, under the new "reasonable certainty" standard, expert testimony would be helpful. This argument is reasonable.

11. It is not unreasonable that CND did not perceive the need for an expert when the standard was "insolubly ambiguous." In explaining the problems with the "insolubly ambiguous" standard, the Nautilus court noted that "[i]t cannot be sufficient that a court can ascribe some meaning to a patent's claims; the definiteness inquiry trains on the understanding of a skilled artisan at the time of the patent application, not that of a court viewing matters post hoc." Id. at 2130 (emphasis in original). Because the Nautilus court emphasized that the definiteness inquiry requires reasonable certainty, not simply some meaning, an expert witness could be helpful in discerning whether the patent claims would inform a skilled artisan with reasonable certainty at the time of the invention.

12. Furthermore, the Supreme Court cited Markman with a parenthetical explaining that "claim construction calls for 'the necessarily sophisticated analysis of the whole document,' and may turn on evaluations of expert testimony." Id. at 2130 (quoting Markman, 517 U.S. at 389). This reference to expert

7

testimony could support a greater role for experts in the definiteness inquiry.

13. In addition, there are other contexts in which parties present expert testimony to establish "reasonable certainty." See, e.g., Ware v. Rodale Press, Inc., 322 F.3d 218, 226 (3d Cir. 2003) (affirming district court's dismissal of breach of contract claim because "Plaintiff failed to provide any supporting documentation or expert reports or analysis" and therefore "failed to present evidence upon which the factfinder could base a damages calculation to a reasonable certainty"); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 750 (3d Cir. 1994) ("Pennsylvania requires experts to testify that defendant's actions caused plaintiff's illness with a reasonable degree of medical certainty"); In re Wilbar Realty, Inc., 325 B.R. 354, 363 n.14 (Bankr. M.D. Pa. 2005) ("[D]amages may be established with reasonable certainty with the aid of expert testimony, economic and financial data, market surveys and analyses, business records of similar enterprises, and the like") (quotation omitted).

14. Plaintiff argues that Nautilus did not change the perspective, i.e., the perspective of a person of ordinary skill in the art, from which definiteness should be analyzed and, therefore, that there is no change in the law necessitating expert testimony. But Plaintiff misapprehends CND's argument.

8

CND is not asserting that Nautilus changed the perspective such that an expert's perspective is now required. CND agrees that the perspective has not changed. CND's argument is that this new standard of proof, which requires "reasonable certainty" as opposed to a mere determination that a claim is not "insolubly ambiguous," benefits from an expert's opinion in a way that the previous standard did not. CND reasonably asserts that an expert declaration could be beneficial in assessing whether a claim informs a skilled artisan with reasonable certainty.

15.  The Court's present reading of Nautilus indicates both that experts may have increased significance in claim construction in order to illuminate the "reasonable certainty" standard and that CND's tardy submission can be excused based on an intervening change in the law.[3] Nautilus affects an ultimate

---

[3] While no district courts have addressed this issue yet, some patent practitioners have shared this Court's view, interpreting Nautilus to signify an increased role for experts in claim construction to inform the "reasonable certainty" standard. E.g., Cooley LLP, Supreme Court Lowers Standard for Proving Patent Claims Are Indefinite, (June 3, 2014), http://www.cooley.com/supreme-court-lowers-standard-for-proving-patent-claims-indefinite ("The 'reasonable certainty' test may require expert witness involvement in the claim construction process . . . . Expert witnesses will be the primary vehicles for parties to supply opinions on what a person of ordinary skill understands patent claims to mean with 'reasonable certainty.'"); C. Kyle Musgrove, Supreme Court Adopts New Indefiniteness Standard, Haynes and Boone's Newsroom (June 2, 2014), http://www.haynesboone.com/supreme-court-adopts-new-indefiniteness-standard/ ("the Court's test seems to open the door for an increase in the presentation of expert testimony regarding claim clarity," noting "the Court's citation to

issue in the case and, because indefiniteness is a significant issue to be adjudicated at claim construction, Nautilus impacts the Markman proceedings. The Court is not holding that expert testimony is required or necessary for the upcoming Markman hearing; nor is the Court holding that expert testimony or declarations will be dispositive or even persuasive. The Court is simply holding that CND's argument that it wishes to present expert evidence based on the new Nautilus standard is reasonable.

16.  The present case was filed in 2011 and has experienced various delays stemming from, inter alia, litigation regarding whether the case should proceed in the District of New Jersey or the Southern District of California and adjudication of two motions to dismiss. Also, an additional defendant was added during discovery. The Court is loathe to introduce any further delays. Furthermore, Plaintiff is certainly correct in saying that CND's indefiniteness arguments are not new and that CND could have submitted an expert's declaration earlier. The Court is also, however, aware of the importance of the claim construction proceedings. CND has presented a reasonable argument, based on a new Supreme Court case, for submitting additional evidence for the Markman hearing. In weighing the

---

Markman and the indication that claim construction 'may turn on evaluations of expert testimony'").

tension between preventing delay and ensuring completeness based on new law, the Court will emphasize completeness and permit the parties to respond to Nautilus with briefing and with expert submissions, if they so choose.

17.   The Court will grant CND's motion. CND may supplement its claim construction briefing with Spiegelberg's declaration. Dymax may also rely on Spiegelberg's declaration.

18.   The Court will grant Plaintiff's request to depose Spiegelberg. CND argued that declarations are sufficient at the claim construction phase, but the Court disagrees. The Court is mindful of the Federal Circuit's admonition that "extrinsic evidence consisting of expert reports and testimony . . . can suffer from bias . . . . The effect of that bias can be exacerbated . . . if the expert's opinion is offered in a form that is not subject to cross-examination." Phillips v. AWH Corp., 415 F.3d 1303, 1318 (Fed. Cir. 2005). If the parties will be permitted to supplement their claim construction submissions, then there must be an opportunity for depositions.

19.   In addition, in order to cure any prejudice to Plaintiff from CND's late submission, the Court will permit Plaintiff to depose Spiegelberg before Plaintiff must decide whether it will submit an expert declaration in response to Spiegelberg's declaration. This follows the premise of L. Pat. R. 4.5(b), supra, that an initial Markman expert's deposition be

11

obtained before the opponent is required to decide whether it will also introduce a responding expert.

20. The Court will hold a telephone conference on July 10, 2014 at 4:00 p.m. with the parties to set forth a schedule for Plaintiff to obtain Spiegelberg's deposition and to determine whether it will also submit a responding expert's declaration, and for deposition of the responding expert if desired by Defendant, and for supplemental briefing. The Court continues to have the goal of convening the Markman hearing on July 28th if feasible. An accompanying Order will be entered.

**July 9, 2014**           **s/ Jerome B. Simandle**
Date           JEROME B. SIMANDLE
         Chief U.S. District Judge